491 So.2d 1211 (1986)
J.R. RAY, Jr., Appellant,
v.
Talmadge and Reva STUCKEY and Ortega Executive Center, Ltd., Appellee.
No. BN-4.
District Court of Appeal of Florida, First District.
July 18, 1986.
*1212 Arthur T. Boone, Jacksonville, for appellant.
James L. Nipper, Jacksonville, for appellee.
MILLS, Judge.
J.R. Ray, Jr., the plaintiff below in a pending suit for the recovery of money owed, files this petition for writ of certiorari seeking reversal of a nonfinal order of the trial court denying his motion to disqualify defendants' (respondents herein) counsel. The petition is denied, as Ray has not demonstrated that the trial court departed *1213 from the essential requirements of the law in the entry of the subject order.
Ray gave the Stuckeys a check for $150,000, which the parties later agreed was to be considered a loan. Although the Stuckeys apparently consented to collateralize the loan with a second mortgage on some real property, the property was instead encumbered to a bank. Ray evidently contemplated suit against the Stuckeys to recover the money, because they retained counsel, James L. Nipper. Nipper prepared a letter to Ray, the gist of which was that, if Ray would forbear from suit for 15 days, the Stuckeys would at the end of that time either repay the money in full or give Ray a 90-day note secured by a second mortgage on the property, if the bank agreed. Prior to the expiration of the 15 day period, Ray agreed by letter to forbear from suit as requested but in the absence of repayment or receipt of the note by the deadline would no longer do so. The deadline passed with no action by the Stuckeys and Ray filed the suit below.
Count I of Ray's complaint was for recovery of the money on a money lent theory. Count II requested specific performance of the Stuckeys' alleged agreement to give Ray a 90-day note in lieu of repayment. Nipper filed a motion to dismiss Count II for failure to state a cause of action in that it relied on Nipper's letter to Ray, allegedly inadmissible under Section 90.408 as an offer to settle a dispute. Ray responded with a motion to disqualify Nipper, relying on Live and Let Live, Inc. v. Carlsberg Mobile Home Properties, Ltd.  '73, 388 So.2d 629 (Fla. 1st DCA 1980). That case held that there was no departure from the essential requirements of the law in requiring a lawyer who sought to represent a client in a suit for breach of an agreement which he had drafted to be disqualified in that he would be required to become a witness. Ray contended that Nipper would similarly be required to become a witness as the drafter of the letter at issue.
Ray's motion was heard by the trial court, Nipper arguing that, since the letter was inadmissible, the issue of his testimony thereon would never arise. He further pointed out that, under the Disciplinary Rules of the Code of Professional Responsibility, Ray had the burden to demonstrate either that Nipper "ought to be called" as a witness on behalf of his clients, mandating his withdrawal, or that his testimony other than on behalf of his clients would be prejudicial to them. The trial court denied the motion to disqualify finding that "[p]laintiff (Ray) has not demonstrated that the anticipated testimony will or might prejudice his (Nipper's) clients' interests."
Ray and the Stuckeys rely heavily on the applicability or not of Section 90.408. A discussion of this section is unnecessary in light of the trial court's rationale for denying the motion. The court did not find Nipper's letter inadmissible, thus obviating the need for his testimony. Rather, the court held that Ray had not shown that any testimony Nipper might give would prejudice the Stuckeys.
The correctness of an order involving the disqualification of counsel must be determined by testing it against the standards imposed by the Disciplinary Rules of the Code of Professional Responsibility. Cazares v. Church of Scientology of California, Inc., 429 So.2d 348, 350 (Fla. 5th DCA 1983). DR 5-102(B) provides that
[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client (emphasis supplied).
The concern of this rule is that trial counsel might be inhibited from attacking his own credibility or arguing to the fact-finder the lack of credibility of his testimony, thus affecting his ability to properly represent his client. The testimony is therefore prejudicial only when sufficiently adverse to the factual assertions or account of events offered on behalf of the client.
*1214 To require disqualification, prejudice which would or might result must be more than de minimus. This narrow construction derives from the policy of the rule and the committee comment thereto, which notes that the rule was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel. Cazares at 350. The moving party bears the burden of demonstrating the likelihood that this prejudice will or might result. Cazares; accord Williams v. Wood, 475 So.2d 289 (Fla. 5th DCA 1985). A review of Ray's motion and of the hearing thereon reveals no showing whatever that the Stuckeys would be prejudiced by Nipper's testimony, if any. Ray chose instead to rely solely on this court's decision in Live and Let Live.
That decision does not control herein, as Ray contends. The Live court was considering the trial court's grant of a motion to disqualify an attorney who, by the unique circumstances of the case, was made a "central figure" therein. Based on those circumstances and other evidence which made it apparent that there would be a conflict, the court found that there had been no abuse of discretion in disqualifying the attorney. In this case, no similar evidence was presented by Ray, nor was Nipper's presuit involvement factually similar to that in the Live case. The trial court's failure to follow Live was not, therefore, a departure from the essential requirements of the law so as to require reversal.
DR 5-102(A) provides that "[i]f ... a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial ..." (emphasis supplied). "Ought to be called" signifies that the attorney is an indispensable witness with crucial information in his possession which must be divulged. He is not indispensable if other witnesses are available to testify to the same information. Cazares at 351. Here, Nipper stated at the hearing that he did not intend to testify on behalf of his clients and that the only factual issues could be testified to by other witnesses. Ray offered no rebuttal. Therefore, Nipper is not compelled by DR 5-102(A) to withdraw from representation of the Stuckeys below.
The petition for writ of certiorari is denied.
WIGGINTON and NIMMONS, JJ., concur.