SMITH, Chief Judge,
dissenting with opinion.
I would grant certiorari and quash the order disqualifying plaintiff’s counsel, and the order for production by Morrison of certain of its Florida claim files for the years 1980, 1981, and 1982.
First, there is no basis for concluding that the attorney, Lefferts Mabie, will be called as a witness by his client, Morrison. That this is not contemplated either by the client, Morrison, or its attorney, is clear from the record, and is further confirmed by the trial court’s finding that there is no evidence of impropriety or wrongdoing on the part of Mabie and his firm in undertaking this litigation.
Morrison has disclosed that it intends to use another attorney as an expert witness on the bad faith issue in this case, and in addition, should there be any need for it, attorney Scarritt, formerly a member of Mabie’s firm, is available to testify. According to Mabie’s deposition testimony, Scarritt had substantially more knowledge regarding evaluation and settlement negotiations in the case than did Mabie.
Secondly, although Mabie could conceivably be a witness in the case, since there is the possibility of him being called by appel-lee, there is no basis for concluding that Mabie is an indispensible witness, that is, that only Mabie could supply some information of crucial importance to either side.
As noted in Cazares v. Church of Scientology of California, Inc., 429 So.2d 348 (Fla. 5th DCA 1983), the Code of Professional Responsibility (now Rules of Professional Conduct; see rules regulating the Florida Bar, 494 So.2d 977,1021 (Fla.1986)), and the Disciplinary Rules derived therefrom, were “not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel.” Id. at 350.
*997 Under Cazares, and this court’s decision in Ray v. Stuckey, 491 So.2d 1211 (Fla. 1st DCA 1986), it was error for the trial court to order Mabie disqualified. The trial court’s reliance on the “appearance of impropriety” standard of Canon 9 is inappropriate, in my opinion, because it is not supported by facts indicating that Mabie is or may be called upon as a witness in the sense contemplated by the Code.
Finally, the trial court’s order for production of files was overbroad, burdensome and oppressive. Whether or not Morrison or other primary carriers follow the procedure of keeping the insured and the excess carrier informed of the status of the case and settlement negotiations is immaterial to the existence of a legal duty to do so. Furthermore, ample protection could have been afforded appellee by an order limiting admissibility of Morrison’s representative’s testimony as to Morrison’s practices in this regard to instances documented by files produced for inspection.