516 So.2d 23 (1987)
LAURA McCARTHY, INC., Appellant,
v.
MERRILL-LYNCH REALTY/COUSINS, INC., Appellee.
No. 87-1510.
District Court of Appeal of Florida, Third District.
November 17, 1987.
Rehearing Denied December 23, 1987.
Koppen, Watkins, Partners & Associates and George Lott, Miami, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole and James M. McCann, Jr., Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT[*], JJ.
PER CURIAM.
This is a petition for a writ of certiorari filed by Laura McCarthy, Inc. which seeks review of a trial court order disqualifying its counsel, Dan Koppen, from representing it in pending litigation below. We grant the subject petition and quash the order under review based on the following briefly stated legal analysis.
First, the legal basis for disqualifying Mr. Koppen from representing the petitioner herein, as asserted in the motion to disqualify filed by the respondent Merrill Lynch Realty/Cousins, Inc., is that (1) Mr. Koppen represented and gave legal advice to one Virginia W. Chorlton, a realtor affiliated with the respondent, in a conversation with her related to the subject matter of the litigation below, and (2) Mr. Koppen is an essential witness for the respondent in the case in that counsel participated in the above-stated conversation with Ms. Chorlton, a conversation which respondent asserts disproves the petitioner's interference with contract claim filed below.
Second, our review of the record, however, reveals that Mr. Koppen was, in fact, representing the petitioner, not Ms. Chorlton, when he had his above-stated conversation with Ms. Chorlton, and that he gave no legal advice whatever to her. On the contrary, the two were merely planning a common legal strategy against a third party in the litigation below.
Third, our review of the record further reveals that Mr. Koppen is not an essential witness to the above-stated conversation because the respondent may establish the details of same by calling Ms. Chorlton as a witness. Moreover, the petitioner has conceded during oral argument in this cause that the respondent may also call Mr. Koppen as a witness at trial, even *24 if Mr. Koppen is allowed to represent the petitioner below. Plainly, no prejudice to the respondent could be shown under these circumstances as, presumably, the respondent would not call Mr. Koppen unless he is a favorable witness and corroborates Ms. Chorlton's testimony as to the above-stated conversation.
Finally, it follows that the two legal grounds relied on for entering the order under review have no merit, and that the trial court departed from essential requirements of law in entering such an order. See Ray v. Stuckey, 491 So.2d 1211 (Fla. 1st DCA 1986); Perez v. State, 474 So.2d 398, 400 (Fla. 3d DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986); Cazares v. Church of Scientology of Calif., Inc., 429 So.2d 348, 351 (Fla. 5th DCA 1983), rev. denied, 438 So.2d 831 (Fla. 1983).
The petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded for further proceedings.
NOTES
[*] Judge Nesbitt participated in the decision but did not hear oral argument.