574 So.2d 325 (1991)
John ARCARA, Petitioner,
v.
PHILIP M. WARREN, P.A., Respondent.
No. 90-3155.
District Court of Appeal of Florida, Fourth District.
February 20, 1991.
Teri L. Di Giulian of Esler & Kirschbaum, P.A., Fort Lauderdale, for petitioner.
Philip M. Warren, Pompano Beach, for respondent.
*326 PER CURIAM.
Petitioner seeks certiorari review of the trial court's interlocutory order requiring his attorneys to withdraw.
Petitioner was represented by respondent in a tenant eviction suit. At some point during the case respondent was replaced as petitioner's attorney by the firm of Esler & Kirschbaum, P.A. The Esler firm thereafter negotiated a settlement in the case and both sides took voluntary dismissals of their complaints.
Subsequently, respondent filed the instant suit against petitioner for attorney's fees for services rendered in the eviction suit. Petitioner retained the Esler firm to represent him in this suit. Thereafter, respondent filed a motion to require the Esler firm to withdraw, on the grounds that attorney Gary Esler would be a witness in the case. The trial court granted the motion and petitioner sought review in this court.
Disqualification of a party's chosen counsel is an extraordinary remedy that should be resorted to only sparingly, see General Accident Insurance Company v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986), and certiorari will lie to quash an order improperly disqualifying counsel. Ocean Club of Palm Beach Shores Condominium Ass'n, Inc. v. Estate of Daly, 504 So.2d 1377 (Fla. 4th DCA 1987).
Petitioner states that he does not intend to call any members of the Esler firm to testify on his behalf. Respondent, however, insists that he will call attorney Gary Esler to testify about how and why the eviction suit was settled, and therefore the Esler firm should be disqualified.
We conclude that attorney Gary Esler is not an essential witness in this case. See Laura McCarthy, Inc. v. Merrill-Lynch Realty/Cousins, Inc., 516 So.2d 23 (Fla. 3d DCA 1987); Ray v. Stuckey, 491 So.2d 1211 (Fla. 1st DCA 1986); State Farm Mutual Automobile Insurance Company v. Wright, 348 So.2d 1198 (Fla. 3d DCA 1977). Moreover, the rule requiring a lawyer to withdraw when he expects to be a witness in a case "was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel." Cazares v. Church Of Scientology Of California, Inc., 429 So.2d 348, 350 (Fla. 5th DCA), rev. denied, 438 So.2d 831 (Fla. 1983). See also Beavers v. Conner, 258 So.2d 330 (Fla. 3d DCA 1972) (defense counsel should not be permitted to force a disassociation between counsel and client); Hill v. Douglass, 248 So.2d 182 (Fla. 1st DCA 1971), (lawyer need not withdraw from a case where the possibility exists that he might be called to testify by his adversary), quashed on other grounds, 271 So.2d 1 (Fla. 1972); Galarowicz v. Ward, 119 Utah 611, 230 P.2d 576 (1951) (object of canon of ethics that lawyer should avoid testifying was to avoid putting attorney in predicament of having to argue credibility of his own testimony; not to permit an attorney to call opposing counsel as witness and thereby disqualify opposing counsel).
Accordingly, we grant the petition for writ of certiorari and quash the trial court's October 22, 1990, order.
CERTIORARI GRANTED.
HERSEY, C.J., and DOWNEY and GARRETT, JJ., concur.