588 So.2d 294 (1991)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Brian ENGLISH and Diane English, Respondents.
No. 91-02620.
District Court of Appeal of Florida, Second District.
October 30, 1991.
*295 W. Douglas Berry, and Melinda J. Brazel of Butler, Burnette & Pappas, Tampa, for petitioner.
Bruce A. Walkley of Walkley & Walkley, Tampa, and Scott Charlton of Clark, Charlton & Martino, Tampa, for respondents.
PER CURIAM.
Allstate Insurance Company (Allstate) petitions this court for a writ of certiorari to quash an order that granted the respondents' motion to disqualify Allstate's counsel, the law firm of Butler, Burnette & Pappas. The respondents have brought an action against Allstate for breach of contract based upon a homeowner's insurance policy. Pursuant to the authorities cited below, we grant the petition and quash the order.
The motion to disqualify the firm was based in part on the fact that attached to Allstate's motion for summary judgment was a letter which Paul B. Butler, Jr., a member of the firm, had written to the respondents' former counsel. The motion for summary judgment was based, in part, on the respondents' alleged impairment of Allstate's subrogation rights under the policy by entering into a third-party settlement. The letter attached to the motion advised the respondents' former counsel that any impairment of Allstate's subrogation rights could jeopardize a claim under the policy. The respondents alleged that they intend to depose Mr. Butler to refute the allegations contained in the letter, and as such, Mr. Butler will become a witness and therefore, should not be an advocate. Respondents also argued at the hearing on the motion that they intend to call Mr. Butler as a witness at trial to establish a material fact in their case against Allstate. The trial judge granted the motion because he did not want to "keep Mr. Butler in and then find out that his involvement is much more than he says it is."
After carefully reviewing the record provided to us, as well as the controlling authorities, we conclude that the trial court departed from the essential requirements of the law in granting the respondents' motion to disqualify Allstate's counsel. First, there is nothing, including Mr. Butler's letter attached to the motion for summary judgment, to indicate that he "is likely to be a necessary witness on behalf of his ... client" on a contested matter. Fla. Bar Code Prof.Resp., 4-3.7(a) (emphasis added); In re Estate of Gory, 570 So.2d 1381 (Fla. 4th DCA 1990). On the contrary, Mr. Butler represented to the trial court that he would not be testifying on behalf of Allstate, and it is apparent that the letter attached to the motion for summary judgment was not necessary. Cf. Hardemon v. Fish, 325 So.2d 411 (Fla. 3d DCA 1976) (inappropriate for counsel to attach his affidavit in support of motion for summary judgment where affidavit went to material issue).
Second, even if the respondents called Mr. Butler as their witness, there has been no showing at this stage of the proceedings that any testimony he might give would be "sufficiently adverse to the factual assertions or account of events offered on behalf of the client." Ray v. Stuckey, 491 So.2d 1211, 1213 (Fla. 1st DCA 1986).
Further, respondents have not demonstrated that Mr. Butler is an essential or indispensable witness in this proceeding, that is, there are other witnesses available to testify to the same information. Arcara v. Philip M. Warren, P.A., 574 So.2d 325 (Fla. 4th DCA 1991); Laura McCarthy, Inc. v. Merrill-Lynch Realty/Cousins, Inc., 516 So.2d 23 (Fla. 3d DCA 1987); Ray, 491 So.2d at 1214. In this regard we observe that our sister courts have stated:
[T]he rule requiring a lawyer to withdraw when he expects to be a witness in a case "was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel."
*296 Arcara, 574 So.2d at 326, quoting Cazares v. Church of Scientology of California, Inc., 429 So.2d 348, 350 (Fla. 5th DCA), review denied, 438 So.2d 831 (Fla. 1983). See also Ray, 491 So.2d at 1214 (same); Beavers v. Conner, 258 So.2d 330 (Fla. 3d DCA 1972) (opposing counsel should not be permitted to force disassociation between counsel and client just by calling counsel as adverse witness); Hill v. Douglass, 248 So.2d 182 (Fla. 1st DCA 1971), quashed on other grounds, 271 So.2d 1 (Fla. 1972) (lawyer need not withdraw from case where possibility exists that he or she might be called to testify by adversary as this would create situation in which adversary could disassociate client's chosen counsel). We further note that even if Mr. Butler's testimony were necessary, another member of his firm may represent Allstate, unless precluded by disciplinary rules 4-1.7 or 4-1.9. Fla.Bar Code Prof.Resp., 4-3.7(b); In re Estate of Gory, 570 So.2d at 1383.
Accordingly, we grant the petition, quash the trial court's order that disqualified Allstate's counsel, and remand for further proceedings consistent with this opinion.
DANAHY, A.C.J., and FRANK and HALL, JJ., concur.