WARNER, Judge.
Petitioners challenge the trial court’s order disqualifying the law firm of Greenspoon, Marder, Hirschfeld & Rafkin, P.A., from representing them in a lawsuit filed by respondents. The respondents are various condominium associations and individual members of the associations and the defendants are the successor developer of the condominium and the management company for the condominium association. The law firm represented one of the condominium associations when it was controlled by the successor developer until control of the association was transferred to the unit owners on December 31, 1990. The firm still represents the management association and the developer.
Respondents sued the petitioners in five counts. Three of the causes of action request injunctions against the management company and developer regarding association meetings which occurred or were requested *1050 in 1992 and later, well after the date when the law firm ceased representing the association. The last two counts allege a breach of contract and a request for a declaratory judgment determining the rights and responsibilities of the association under the management contract.
The respondents filed an unsworn motion to disqualify the law firm because it had represented the association in the past and that because the firm represented the management company when many of the issues in the lawsuit came up, it had too much special knowledge of the affairs of the association so as to create an unfair prejudice to the respondents. The law firm filed two affidavits both stating that the firm ceased to represent the association in 1990 and that it had not drafted the management agreement between the original developer and the original management company, neither one of which were represented by the firm. The respondent filed no affidavits in response. The trial court granted the disqualification.[1]
It is well established that disqualification of a party’s chosen counsel is an extraordinary remedy that should be resorted to only sparingly. See Arcara v. Philip M. Warren, PA., 574 So.2d 325 (Fla. 4th DCA 1991); General Acc. Ins. Co. v. Borg-Wamer Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986). In Junger Utility & Paving Co., Inc. v. Myers, 578 So.2d 1117,1119 (Fla. 1st DCA 1989), the first district stated:
To disqualify a private law firm from representing a party whose interests are adverse, the former client need show only that an attorney-client relationship existed, thereby giving rise to the irrefutable presumption that confidences were disclosed during the course of that relationship, and that the matter in which the law firm subsequently represented the interest adverse to the former client is the same matter or substantially similar to the matter in which it represented the former client.
In this case, while the law firm represented the condominium association before its turnover to the unit owners, there is nothing in the record to show that the matters in litigation between the association and the management company and developer were the same or substantially similar to matters in which it represented the association before turnover. As to counts I — III, these relate to matters of voting and meetings all of which occurred well after turnover. As to the issues regarding breach of contract, while the unsworn motion states that the contract was drafted by the law firm, the law firm’s sworn affidavits deny this. Furthermore, there is no indication that the matters of breach of contract were matters which occurred during the firm’s representation of the condominium association.
Based upon the record, the test of Junger has not been met. There appears no ground upon which to grant the extraordinary relief of disqualification of the law firm. The petition for certiorari is granted, and the order disqualifying Greenspoon, Marder, Hirseh-feld & Rafkin, P.A., from continued representation of the petitioners is quashed.
HERSEY and GUNTHER, JJ., concur.

. Petitioner requests that we remand for an evi-dentiary hearing. Respondent, relying on the documents and affidavits filed, state that no evi-dentiary hearing is required and the issue can be determined on the record. We take the invitation by respondent to decide the issue based on the record made.