654 So.2d 645 (1995)
CITY OF LAUDERDALE LAKES, Petitioner,
v.
ENTERPRISE LEASING COMPANY, Respondent.
No. 95-0437.
District Court of Appeal of Florida, Fourth District.
May 10, 1995.
Catherine Rafferty of Brady & Coker, Fort Lauderdale, for petitioner.
James O. Murphy, Jr., of Byrd and Murphy, Fort Lauderdale, for respondent.
*646 STEVENSON, Judge.
Petitioner, City of Lauderdale Lakes, seeks certiorari review of an order granting respondent's, Enterprise Leasing, motion to disqualify the City's counsel, James C. Brady and his entire law firm, Brady & Coker. We grant the writ and reverse that part of the order disqualifying the entire law firm.
The City concedes that disqualification of counsel James C. Brady was required in this case because he was listed as a witness on their unilateral pre-trial stipulation and was expected to give substantive testimony at trial. However, the City argues, and we agree, that the disqualification of the entire law firm, Brady & Coker, was unwarranted and a departure from the essential requirements of law.
An order involving the disqualification of counsel must be tested against the standards imposed by Rules of Professional Conduct. See Cazares v. Church of Scientology of California, Inc., 429 So.2d 348 (Fla. 5th DCA), rev. denied, 438 So.2d 831 (Fla. 1983). In In re Estate of Gory, 570 So.2d 1381 (Fla. 4th DCA 1990), this court relied upon rule 4-3.7(b), Rules Regulating the Florida Bar, Rules of Professional Conduct (1994)[1] to determine that the trial court departed from the essential requirements of law by disqualifying an entire firm where only one attorney would be called as a witness and there was no indication that his testimony would be adverse to his client's position. That is the situation here. There are no allegations that the law firm's continued representation of the City will result in a conflict of interest or that Brady's testimony will be adverse to his client, the City.
Because the trial court departed from the essential requirements of law in disqualifying the entire firm and because the denial of the right to choose one's own lawyer is deemed to cause irreparable harm (In re Estate of Gory), we grant the writ and quash the order insofar as it disqualifies the entire law firm.
PARIENTE and SHAHOOD, JJ., concur.
NOTES
[1] Rule 4-3.7(b) provides:

"A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 or 4-1.9." Rules 4-1.7 and 4-1.9 involve attorney-client conflicts, and so are inapplicable to the situation here, where the lawyer will be testifying on behalf of his client.