691 So.2d 37 (1997)
Peter S. FLEITMAN, Petitioner,
v.
Virginia McPHERSON (individually and as President, Townhomes of St. George Homeowners Association, Inc.); Dottie Melton (individually and as Director, Townhomes of St. George Homeowners Association, Inc.); Edward Wynot (individually and as Vice President and Director, Townhomes of St. George Homeowners Association, Inc.); William Williford (individually and as Director, Townhomes of St. George Homeowners Association, Inc.); Ray Munroe (individually and as Director, Townhomes of St. George Homeowners Association, Inc.); Judy Wilson (individually and as Director, Townhomes of St. George Homeowners Association, Inc.); Townhomes of St. George Homeowners Association, a homeowners' association incorporated under the Laws of Florida; KRM Management, Inc., a Florida corporation; Dan Issacs (individually and as KRM officer and property manager for Townhomes of St. George Homeowners Association, Inc., 300 Ocean Mile property); Steven Vancore, Respondents.
No. 96-4478.
District Court of Appeal of Florida, First District.
April 4, 1997.
*38 Peter S. Fleitman, Petitioner, pro se.
Fred M. Johnson of Fuller, Johnson & Farrell, P.A., Tallahassee, for Respondents.
JOANOS, Judge.
This cause is before the court on the petition of Peter S. Fleitman for certiorari review of a nonfinal order denying his motion to disqualify attorney Fred M. Johnson and the law firm of Fuller, Johnson & Farrell, P.A., from further representation of respondents in a defamation lawsuit filed against them in their individual capacities and as officers or directors of the Townhomes of St. George Homeowners Association, Inc. We grant the petition.
Petitioner filed the defamation action after respondents allegedly sent letters to petitioner's employer, to The Florida Bar, and to petitioner at his office, alleging that petitioner was using state time and resources in pursuit of a personal lawsuit he filed in Franklin County against the St. George
Homeowners Association. The record of the defamation action indicates that a feature of the trial will be certain evidence adduced by Fred M. Johnson as to petitioner's activities during the Franklin County dispute. Mr. Johnson represents the homeowners association in the Franklin County dispute, and is counsel of record for the respondents in the defamation action.
Disqualification of an attorney is an extraordinary remedy to be resorted to only sparingly. Swensen's Ice Cream Co. v. Voto, Inc., 652 So.2d 961 (Fla. 4th DCA 1995). Nevertheless, when it is shown that the attorney will be an indispensable witness or when the attorney becomes a "central figure" in the case, disqualification is appropriate. See Ray v. Stuckey, 491 So.2d 1211, 1214 (Fla. 1st DCA 1986). See also City of Lauderdale Lakes v. Enterprise Leasing Co., 654 So.2d 645, 646 (Fla. 4th DCA 1995). Generally, an entire law firm need not be disqualified where only one attorney will be called as a witness. Id. at 646.
Since it appears that in this case, Mr. Johnson will likely be a featured witness at trial, the trial court departed from the essential requirements of law in denying petitioner's renewed motion to disqualify Mr. Johnson. Therefore, we grant the petition for writ of certiorari, and quash the order insofar as it denies disqualification of Mr. Johnson from participation in the trial. Mr. Johnson may participate in the representation up until the trial and after the trial, but may not participate as an attorney at trial, as it appears his testimony may become a feature of the proceedings. We affirm the portion of the order which denied disqualification of the law firm of Fuller, Johnson & Farrell.
Accordingly, the petition for writ of certiorari is granted, and the order is quashed with respect to denial of disqualification of Fred M. Johnson from participation at trial. In all other respects, the order is affirmed.
WOLF and VAN NORTWICK, JJ., concur.