PER CURIAM.
Petitioner J.M. Lumber, Inc., the plaintiff below, petitions for writ of certiorari from an order which disqualified its attorney on motion by the three defendants below. This court has jurisdiction. See City of Lauderdale Lakes v. Enterprise Leasing Co., 654 So.2d 645, 646 (Fla. 4th DCA 1995); Arcara *85 v. Philip M. Warren, P. A., 574 So.2d 325 (Fla. 4th DCA 1991). None of the three defendants responded to this court’s order to show cause. We grant the petition and quash the order granting the motion to disqualify.
Petitioner’s counsel, Stephen Navaretta, represented Petitioner in post-judgment execution proceedings against a corporation, M.L. Builders, Inc., and its guarantors. Na-varetta previously had represented M.L. Builders and related principals in connection with the incorporation, real estate development activities, and some estate planning for the principals, but this representation ceased in 1994. After Navaretta had already appeared as counsel for a number of plaintiffs in collection actions against the former clients, new counsel for the defendants moved for the first time in July 1997 to disqualify Navaretta and his firm based on an alleged conflict of interest under rule 4-1.9 of the Rules of Professional Conduct of The Florida Bar.[1]
After an evidentiary hearing, the trial court found that Navaretta had not breached any confidentiality of the former clients, and that none of the post-judgment actions which Navaretta had undertaken were related to knowledge he had obtained in representing any of the defendants. Nevertheless, it concluded that the instant representation gave the appearance of impropriety, finding simply that it was too close in time to the prior representation which had ceased three years earlier. We find this order departs from the essential requirements of law, as it does not make a specific finding that the matters involved in Navaretta’s representation of plaintiff were substantially related to the matters covered by his prior representation of defendant, M.L. Builders. See Campbell v. American Pioneer Savings Bank, 565 So.2d 417 (Fla. 4th DCA 1990); Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979).
The petition for writ of certiorari is granted, and the order granting the defendants’ motion to disqualify is quashed.
POLEN, KLEIN and SHAHOOD, JJ., concur.

. Rule 4-1.9 provides as follows:
Rule 4-1.9. Conflict of interest; former client
A lawyer who Has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
(b) use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.
R. Regulating Fla. Bar 4-1.9.