PER CURIAM.
The wife has filed a petition for writ of certiorari concerning the trial court’s order that disqualified the Law Offices of Brav-erman and Rossi from representing her in this dissolution proceeding. She argues that the trial court deviated from the essential requirements of law in disqualifying her counsel and that she will suffer irreparable harm by being denied the right to have counsel of her choice. We agree and grant the petition.
The husband filed a motion for disqualification and alleged that Alan Braverman had served on a Florida Bar Seventeenth Judicial Circuit Grievance Committee that had reviewed a grievance against him. He further alleged that Mr. Braverman had been privy to unspecified confidential financial and psychological documentation during that proceeding, and that he had reviewed records and files belonging to the husband that had remained in the marital home. Mr. Braverman disputed all of the husband’s allegations and indicated that he had no knowledge or recollection of having reviewed any grievance against the husband. Mr. Braverman checked with the Florida Bar and found that the only grievance that had been filed against the husband had been dismissed.
The trial court granted the motion to disqualify. The court articulated the undisputed facts as follows:
There was a grievance proceeding. The wife’s attorney was on the committee. The husband was the subject matter of the investigation. The husband produced documents to the committee. A member of the committee now represents the wife.
The court trained the legal issue as whether a member of a grievance committee, who investigated a claim against an attorney, should be permitted to represent that attorney’s spouse in a dissolution proceeding. The court granted the motion and disqualified the firm.
“An order involving the disqualification of counsel must be tested against the standards imposed by [the] Rules of Professional Conduct.” City of Lauderdale Lakes v. Enter. Leasing Co., 654 So.2d 645, 646 (Fla. 4th DCA 1995). We find nothing in the rules that would require the disqualification of Mr. Braverman’s firm given the facts of this case. We have previously held that “the denial of the right to choose one’s own lawyer is deemed to cause irreparable harm....” Id. We therefore grant the writ and quash the order of disqualification.
STONE, FARMER and MAY, JJ., concur.