WALLACE, Judge.
 

 Alto Construction Company, Inc., petitions this court for a writ of certiorari to quash the circuit court’s order that disqualified its counsel. Because the circuit court used the wrong legal standard in ordering counsel’s disqualification, the order departs from the essential requirements of law. Accordingly, we grant the petition and quash the order.
 

 THE FACTS AND PROCEDURAL BACKGROUND
 

 Flagler Construction Company, Inc., is in the business of selling and leasing heavy construction equipment to general contractors, site contractors, and paving contractors. Before the events that gave rise to the litigation in the court below, Flagler and Alto had entered into contracts con
 
 *727
 
 cerning several pieces of equipment. Fla-gler ultimately filed an action against Alto in the circuit court to replevy two pieces of equipment and for damages for breach of contract. Alto filed an answer to the complaint and counterclaimed against Flagler.
 

 F. Lorraine Jahn represents Alto in the litigation pending in the circuit court. Ms. Jahn is also on retainer to Alto. Before Flagler filed its complaint, Ms. Jahn had direct contacts and communications with employees of Flagler and a third company concerning the disputes that are the subject of the pending action. Based on these contacts and communications, Flagler moved to disqualify Ms. Jahn as Alto’s counsel. In the order under review, the circuit court summarized the grounds that Flagler asserted for Ms. Jahn’s disqualification as follows: “First, that Ms. Jahn will be a necessary and material witness; second, that Ms. Jahn is likely to be a named co-Defendant in [Flagler’s] proposed Amended Complaint; third, that Ms. Jahn allegedly violated her obligations under the Florida Rules of Professional Conduct.”
 

 The circuit court conducted an evidentia-ry hearing on the motion. At the hearing, Flagler’s counsel asserted that Ms. Jahn’s testimony concerning some of the events in dispute would be “central to Flagler’s case.” In other words, Flagler intended to call Ms. Jahn as a witness at trial. For its part, Alto filed an affidavit from its president stating that “Alto does not intend to call [Ms.] Jahn as a witness at trial in this matter.” Ms. Jahn observed that “disqualification impinges on a party’s right to employ a lawyer.” She suggested that Flagler’s motion was filed for “tactical purposes.”
 

 After the hearing, the circuit court entered an order granting the motion and disqualifying Ms. Jahn as Alto’s counsel. In its order, the circuit court did not address the motion’s second ground concerning the possibility that Ms. Jahn would be named as a defendant in Flagler’s proposed amended complaint. The circuit court rejected the third ground, finding that “Ms. Jahn did nothing to violate her ethical obligations.” Thus the order of disqualification was necessarily based on the first ground. In this regard, the circuit court found that Ms. Jahn “may very well be a material witness by having injected herself into the business dealings out of which this dispute arises.”
 

 DISCUSSION
 

 A petition for writ of certiorari is appropriate to review an order disqualifying counsel.
 
 AlliedSignal Recovery Trust v. AlliedSignal, Inc.,
 
 934 So.2d 675, 677 (Fla. 2d DCA 2006). The jurisdictional requirements for certiorari review are met in this case because “an order disqualifying counsel denies the right to choose one’s counsel and works a material injury that cannot be remedied on appeal.”
 
 Id.
 
 Thus we turn our attention to whether the circuit court departed from the essential requirements of law.
 

 Alto argues that the circuit court departed from the essential requirements of law because it relied on an improper standard that did not consider whether counsel’s testimony would be adverse to Alto’s position when it disqualified Ms. Jahn. In response, Flagler contends that “[a]n explicit finding of adversity is not required.” According to Flagler, there is no “departure from the essential requirements of law because it is implicit that the court found that [Ms.] Jahn’s testimony would be adverse to her client.” We disagree with Flagler and agree with Alto.
 

 The Rules Regulating The Florida Bar do not mandate an attorney’s automatic disqualification when he or she is called
 
 *728
 
 to testify by an opposing party.
 
 Id.
 
 at 680;
 
 see
 
 R. Regulating Fla. Bar. 4-3.7(a) (“A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness
 
 on behalf of the client.”
 
 (emphasis added)).
 
 But see Scott v. State,
 
 717 So.2d 908, 910 n. 8 (Fla.1998) (stating in dicta that rule 4-8.7 “also addresses the conflict that arises when a lawyer is called as a witness by the opposing side to testify against a private client”). Instead, an attorney that will be called as a witness by an opposing party may be disqualified if the attorney’s testimony will “be ‘sufficiently adverse to the factual assertions or account of events offered on behalf of the client.’ ”
 
 AlliedSignal Recovery Trust,
 
 934 So.2d at 679 (quoting
 
 Allstate Ins. Co. v. English,
 
 588 So.2d 294, 295 (Fla. 2d DCA 1991)). We have explained that “[t]he requirement that a lawyer withdraw when he expects to be a witness was not intended to permit an opposing party to call him as a witness and disqualify him from serving as counsel.”
 
 Id.
 
 at 680.
 

 Flagler cites
 
 Fleitman v. McPherson,
 
 691 So.2d 37, 38 (Fla. 1st DCA 1997), for the proposition that disqualification of counsel is appropriate “when it is shown that the attorney will be an indispensable witness or when the attorney becomes a ‘central figure’ in the case.” However, we find this argument unpersuasive.
 
 Fleitman
 
 addresses the situation where the attorney will be testifying on behalf of his or her own client.
 
 See AlliedSignal Recovery Trust,
 
 934 So.2d at 680.
 

 It follows that the circuit court departed from the essential requirements of law when it disqualified Alto’s attorney without determining whether Ms. Jahn’s testimony would be adverse to Alto’s factual assertions or account of events. Thus we grant the petition and quash the order disqualifying Ms. Jahn as Alto’s counsel. The circuit court should reconsider Flagler’s motion in light of the correct standard.
 

 Petition granted; order quashed.
 

 FULMER and NORTHCUTT, JJ., Concur.