570 So.2d 1381 (1990)
In re ESTATE OF Frank A. GORY, Sr., Deceased.
No. 90-2318.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
*1382 Young, Stern & Tannenbaum, P.A., North Miami Beach, and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for petitioner-Mary Lou Gory, personal representative.
Lawrence R. Metsch of Lawrence R. Metsch, P.A., Miami, for respondents-Frank A. Gory, Jr., Individually and as Guardian of Jennifer Gory, a minor, Lisa Ann Gory, Tammy Lynn Gory Wallace, Donald A. Gory, Individually and as Guardian of Nicholas Gory, a minor, Agnes Faye Gory, and Faye Averine Gory Dubler, beneficiaries.
HERSEY, Chief Judge.
Mary Lou Gory, widow of the decedent, has filed a petition for writ of certiorari in her capacity as personal representative of the estate of Frank A. Gory, Sr. The order of which petitioner complains disqualified the law firm of Young, Stern & Tannenbaum, P.A., from representing her at a hearing to determine the reasonableness of her compensation as personal representative. Another order entered at the same time prohibited the payment of administrative expenses of the estate pending further order of the court. Adverse parties include the decedent's former wife and her children and grandchildren, hereinafter referred to as the Gory family beneficiaries.
Petitioner retained the law firm to represent her in the administration of this estate which is valued in excess of eight million dollars. She retained other counsel with respect to certain personal claims she has against the estate.
The Gory family beneficiaries filed a petition for judicial review of compensation contending that the personal representative had excessively compensated herself in the amount of $305,000. They contend that she possesses no qualifications for employment as personal representative and in fact has employed lawyers, accountants, investment advisors and others to do her work, at great expense to the estate.
A hearing was set on this petition but before the hearing the Gory family beneficiaries filed a motion to disqualify the Young firm from representing the personal representative at the compensation hearing. The grounds for the motion were that: (1) the law firm owed a fiduciary duty to both the personal representative and the beneficiaries of the estate to ensure that excessive compensation was not paid from the assets of the estate, and (2) the Gory family members intended to call members of the firm as witnesses at the compensation hearing. The trial court granted the motion.
Disqualification of a party's chosen counsel is an extraordinary remedy and should be resorted to sparingly, see General Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986), and certiorari will lie to quash an order which improperly disqualifies counsel. Ocean Club Condo Ass'n v. Estate of Daly, 504 So.2d 1377 (Fla. 4th DCA 1987); Laura McCarthy, Inc. v. Merrill-Lynch Realty/Cousins, Inc., 516 So.2d 23 (Fla. 3d DCA 1987); Beth S. v. Grant Associates, Inc., 426 So.2d 1008 (Fla. 3d DCA 1983). The rationale for review by certiorari in such cases is that a litigant improperly deprived of the lawyer of his choice is irreparably harmed. It is true that none of these cases arose in a probate setting, but we see no logical reason to treat this as a meaningful distinction.
The trial court reasoned that because the law firm owed a fiduciary duty to both the personal representative and the beneficiaries it could not represent one against *1383 the other, and that this conflict of interest could only be avoided by disqualifying the law firm and requiring the personal representative to seek other counsel.
We have no quarrel with the view that counsel for the personal representative of an estate owes fiduciary duties not only to the personal representative but also to the beneficiaries of the estate. See Matter of Estate of Larson, 103 Wash.2d 517, 694 P.2d 1051 (1985). This does not mean, however, that counsel and the beneficiaries occupy an attorney-client relationship. They do not. "In Florida, the personal representative is the client rather than the estate or the beneficiaries." Rule 4-1.7, Rules Regulating the Florida Bar (comment). It follows that counsel does not generate a conflict of interest in representing the personal representative in a matter simply because one or more of the beneficiaries takes a position adverse to that of the personal representative. A contrary position would raise havoc with the orderly administration of decedents' estates, not to mention the additional attorney's fees that would be generated.
We are persuaded further that the simple assertion by the Gory family beneficiaries that they may call members of the law firm as witnesses is not a sufficient justification for disqualifying the law firm. The trial court's ruling to the contrary was apparently based upon the same conflict of interest frame of reference as we now have rejected. Unless the lawyer/proposed-witness expects to testify adversely to the personal representative there is no conflict of interest here. See Ray v. Stuckey, 491 So.2d 1211 (Fla. 1st DCA 1986). Where one lawyer in the firm is called as a witness another lawyer in the firm may act as advocate. See rule 4-3.7(b), Rules Regulating the Florida Bar. Thus there is no legal, ethical, or practical necessity for disqualification of the law firm in this case.
The second order complained of, entered sua sponte by the probate judge, does not lend itself to review by certiorari and we therefore decline to consider its merits.
We quash the order disqualifying the law firm from representing the personal representative at the compensation hearing and remand for further proceedings.
CERTIORARI GRANTED; ORDER QUASHED; REMANDED.
DELL and WALDEN, JJ., concur.