652 So.2d 961 (1995)
SWENSEN'S ICE CREAM COMPANY, Petitioner,
v.
VOTO, INC., Leisure Colony Management Corporation, J & H Vermes Enterprises, Inc., and John Vermes, Respondents.
No. 94-2560.
District Court of Appeal of Florida, Fourth District.
April 5, 1995.
John H. Pelzer and Teri L. Di Giulian of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for petitioner.
Robert P. Bissonnette of Law Offices of Anthony M. Livoti, Jr., Fort Lauderdale, for respondent-Voto, Inc.
PER CURIAM.
We grant Swensen's petition for writ of certiorari and quash an order disqualifying its counsel, McHugh, and his law firm, from further representing Swensen's in litigation with Respondent-Voto.
Swensen's retained McHugh to represent Swensen's in an effort to help Voto in an earlier dispute between Voto, the assignee of a Swensen's franchise, and the assignor of that franchise, "Vermes." Voto alleges that it revealed confidential information to McHugh and that McHugh, while representing Swensen's, wrote two letters to Vermes, for Voto's benefit, demanding that Vermes cure a breach of a covenant not to compete contained in the initial Vermes' franchise agreement with Swensen's.
The instant action for commercial eviction was initiated against Voto by a landlord. In a counterclaim and third party complaint filed by Voto (against Swensen's, Vermes and the principals of Vermes) Voto stated that Swensen's breached its franchise agreement and violated a duty to Voto, the present franchisee, to enforce the covenant not to compete contained in the initial franchise agreement between Swensen's and Vermes. Voto asserts, relying on the two letters written by McHugh, that Swensen's has acknowledged that Vermes, the former franchisee, has breached the franchise agreement.
McHugh and his law firm represent Swensen's in the litigation. Voto alleges McHugh will be called as a witness because he participated in meetings with Voto's president and counsel, and because of the two letters McHugh wrote on Voto's behalf.
The trial court recognized that disqualification of an attorney is an extraordinary remedy that should be resorted to only sparingly. Arcara v. Philip M. Warren, P.A., 574 So.2d 325 (Fla. 4th DCA 1991). However, the court concluded that McHugh cannot act as an advocate at a trial in which *962 he is likely to be a witness to a contested matter where the issue is more than a formality. The court did not agree with Swensen's that because Swensen's had no intention to contest the authenticity of the two McHugh letters, McHugh's testimony would concern an uncontested issue.
We note that McHugh will not be testifying either against or on behalf of Swensen's. McHugh stated in his correspondence to Vermes, in support of Voto, that Mr. Vermes was in violation of his corporation's franchise agreement with Swensen's. To defend against Voto's present allegations against Swensen's, Swensen's does not need to deny that Vermes violated its agreement by competing with Voto, nor is there any apparent reason it would wish to do so. We note that there is no separate covenant not to compete in the assignment from Vermes to Voto. Vermes and Swensen's interests obviously are not related. Therefore, McHugh can state an opinion that Vermes violated its agreement without prejudicing Swensen's.
Additionally, as McHugh's letters were based on information furnished by Voto, any factual information McHugh might have is information Voto's principals and agents also have, so that it cannot be said, at least on this record, that McHugh's testimony will be necessary or indispensable. Also, McHugh's letters speak for themselves. His testimony on the contents would be cumulative at best. Although Voto alleges that its president made confidential disclosures to McHugh, it has never claimed that McHugh was its counsel.
We remain cognizant of the principle that disqualification of counsel, contrary to the wishes of counsel and the client, should be resorted to sparingly. Arcara. Respondent has failed to carry its burden to show existence of a conflict of interest. Ray v. Stuckey, 491 So.2d 1211, 1214 (Fla. 1st DCA 1986). It is also not shown that McHugh will be a necessary witness, see Allstate Ins. Co. v. English, 588 So.2d 294, 295 (Fla. 2d DCA 1991); nor that his testimony would be adverse to Swensen's position. In Re Estate of Gory, 570 So.2d 1381, 1383 (Fla. 4th DCA 1990); Allstate; Stuckey.
Because we hold that McHugh need not be disqualified, we do not decide whether his law firm would also be disqualified. However, we do note, should it arise again, that under the rules such would be the case only if McHugh's disqualification were pursuant to rule 4-1.7(b). On this record, there is no reason, however, to conclude that this rule is applicable.
STONE, PARIENTE, and STEVENSON, JJ., concur.