W. SHARP, Judge,
dissenting.
Petitioners seek a writ of certiorari to quash an order which disqualified Adcock and his law firm, Fisher and Sauls, P.A., from representing Gary Christensen (personal representative of the Christensen estates) in defending against J. Gerard Correa’s petition for fees and costs, and in prosecuting a malpractice claim against Correa. The basis for the trial court’s disqualification of Adcock was that Adcock had previously been appointed to inventory the files of Dennis Cor-rea, after Dennis was suspended from the practice of law for having misappropriated $350,000.00 from a trust account. At the time of the misappropriation, Dennis was one of two stockholder lawyers in J. Gerard’s law firm. I disagree that being an inventory lawyer appointed to inventory the files of a suspended lawyer, pursuant to the Florida Bar Rules, is sufficient basis for disqualification in this proceeding, and I would grant the writ.
The record establishes that Gary Christensen is the personal representative of the Estates of Marvin Christensen and Marjorie Christensen. The law firm of Correa and Correa performed legal services for Christensen in connection with the estates. After Dennis was suspended, the law firm was dissolved on January 1, 1994, and J. Gerard continued to practice law alone.
On August 16,1994, J. Gerard Correa filed an amended petition for payment of attorney’s fees and costs for services rendered by Correa and Correa to Christensen through April 30,1993. The proceeding was declared adversary. On September 19, 1994, Christensen, who had earlier retained Adcock, filed a response asserting that J. Gerard Correa’s negligent performance of services for Christensen had not benefited the decedents’ estates but, to the contrary, had cost the estates substantial amounts of money. A counterclaim by Christensen against J. Gerard Correa asserted the same professional malpractice claim. The response and counterclaim were prepared by attorneys in Ad-cock’s law firm.
J. Gerard Correa filed a motion to disqualify Adcock and his law firm. The motion argued that Adcock as inventory attorney owed a fiduciary duty to Dennis Correa, and the involvement of Adcock or his law firm in the malpractice counterclaim against the successor-in-interest to the dissolved law firm created a conflict of interest. Following a hearing on the motion to disqualify, the circuit judge entered an order disqualifying Ad-cock and his law firm from representing Christensen in his counterclaim or in any other action alleging professional malpractice against Dennis Correa, the firm of Correa and Correa, or J. Gerard Correa.
Rule l-3.8(a), Rules Regulating The Florida Bar, indicates that whenever an attorney is suspended, the appropriate circuit court may appoint an attorney to inventory the files of the suspended attorney and to take whatever action is necessary to protect the interests of the clients and the suspended attorney. Rule l-3.8(b) states that any attorney so appointed shall not disclose any *146 information contained in files so inventoried without the consent of the client to whom the file relates, except as necessary to comply with the order of appointment.
Rule l-8.8(b) does not require the invento-iy attorney to obtain the consent of the suspended attorney before disclosing information contained in the former client’s files. Although an inventoiy attorney is authorized to take whatever action is necessary to protect the interests of the suspended attorney and his former clients, this dual responsibility does not create a confidential relationship between the inventory attorney and the suspended attorney. The fiduciary duties owed by the inventory attorney to the suspended attorney include the exercise of due diligence in assisting the former clients, and the appropriate handling of the clients’ funds or accounts formerly under the control of the suspended attorney. By reviewing the files and assisting the former clients, the inventory attorney protects the interests of the suspended attorney, as well, by preventing further exposure to liability for professional malpractice. However, the inventory attorney is not appointed to give legal advice to the suspended attorney, or represent him in any legal matters.
The Florida Bar filed an amicus curiae brief in this certiorari proceeding, and asserted that the motion to disqualify was based on a strained interpretation of Rule 1-3.8, and that the fiduciary duty owed to the suspended attorney by the inventory attorney does not create an attorney-client relationship. The Florida Bar argued that if the suspended attorney is viewed as a client of the inventory attorney, an inventory attorney would have a duty to protect a suspended lawyer from malpractice actions by former clients, and an inventory attorney would be required to withhold from the former clients evidence of such malpractice. This interpretation would create an irreconcilable conflict for the inventory attorney.
In my view, Rule 1-3.8 does not create an attorney-client relationship between the inventory attorney and the suspended attorney. If the suspended attorney is not a “client” of the inventory attorney, there is no conflict of interest in the inventory attorney or his law firm representing the suspended attorney’s former clients, even if their interests prove to be adverse to the interests of the suspended attorney. In this case, the scope of the conflict of interest is extended even beyond the suspended lawyer, to reach another lawyer practicing in the same firm— J. Gerard Correa.
Respondent argues that even if there is not an attorney-client relationship between the suspended attorney and the inventory attorney, an appearance of impropriety is created when an inventory attorney uses information gained from his appointment to represent a former client in a malpractice action against the suspended attorney, his firm, or successor-in-interest. In opposition to this position, the Director of the Florida Bar’s Department of Lawyer Regulation prepared an affidavit that was filed in the trial court, stating that Florida Bar policy allows an inventory attorney to fully represent the former clients of the suspended attorney if chosen. If an inventory attorney does not accept full representation of a client, the inventory attorney must make the file available, upon court approved terms, to the client. By virtue of his suspension or disbarment, an attorney sanctioned by The Florida Bar does not enjoy the same control over his clients’ files as an attorney in good standing. An inventory attorney in most cases would be privy to the same information in a file that any other successor attorney chosen by the client would be able to review.
I disagree that the representation of Christensen by Adcock’s law firm in the attorney fee dispute or malpractice counterclaim creates an appearance of impropriety. Although the inventory attorney, by virtue of his appointment, is in a position of trust as to both the suspended attorney and his former clients, the primary fiduciary duty is owed to the former clients who choose to retain the inventory attorney since that is an attorney-client relationship. Cfi In re Estate of Gory, 570 So.2d 1381 (Fla. 4th DCA 1990). An inventory attorney who is retained by a former client should be able to render the same legal services that another attorney could offer. No more is involved here. Because Christensen’s right to choose counsel was *147 unreasonably violated, I respectfully dissent from the decision to deny the petition for wit of certiorari. Cf. Broward Bank v. Sammons, 632 So.2d 733 (Fla. 4th DCA 1994); Jenkins v. Harris Insurance, Inc., 572 So.2d 1011 (Fla. 1st DCA 1991).