679 So.2d 1311 (1996)
Loretta A. PASCUCCI, Petitioner,
v.
James M. PASCUCCI, Respondent.
No. 96-0917.
District Court of Appeal of Florida, Fourth District.
October 2, 1996.
*1312 Christopher N. Link of Christopher N. Link, P.A., Plantation, for petitioner.
Dennis B. Freeman, Miami, for respondent.
PARIENTE, Judge.
Petitioner (former wife) files this petition for writ of certiorari seeking relief from the trial court's order disqualifying her chosen counsel. Because respondent (former husband) has failed to establish a proper legal or evidentiary basis to justify disqualification, we grant the petition.
The parties are embroiled in a post-dissolution custody dispute in which both former husband and former wife seek to modify the final judgment. Former husband attempted to depose Dr. Mitchell Spero, a psychologist who treated both former wife and the parties' children. Former wife filed a motion for protective order, claiming that the parties had agreed that Dr. Spero could continue to treat the family, but would not testify as to custody.
Former husband then learned that former wife's counsel had conferred with Dr. Spero. The conference had taken place prior to former wife's filing of the motion for protective order. He asserted that, as a result of the conference, counsel had obtained information that would place former wife in an advantageous litigation posture unless the trial court allowed the deposition of Dr. Spero.
In his "emergency" motion for disqualification, former husband alleged that counsel was now a material witness both because he had conferred with Dr. Spero and because former husband had sued counsel as a result of an alleged breach of confidentiality resulting from the conference. Former wife's counsel denied that any confidences had been exchanged and filed an affidavit of Dr. Spero in which he swore that he revealed no privileged or confidential information concerning the family during his brief conference with counsel. There was no evidentiary hearing and nothing more than supposition that confidences had been disclosed. See General Elec. Real Estate Corp. v. S.A. Weisberg, Inc., 605 So.2d 955 (Fla. 4th DCA 1992). Nevertheless, the trial court granted former husband's motion for disqualification.
We have repeatedly and unequivocally held that "[d]isqualification of a party's chosen counsel is an extraordinary remedy that should be resorted to only sparingly." Arcara v. Warren, 574 So.2d 325, 326 (Fla. 4th DCA 1991); see Swensen's Ice Cream Co. v. Voto, Inc., 652 So.2d 961 (Fla. 4th DCA 1995). None of the unsubstantiated allegations here justify the imposition of this extraordinary remedy.
As to the allegations that counsel became a material witness because he conferred with Dr. Spero, there was no such evidence in the record. Even if counsel had gained information, this would not make counsel a material, necessary or essential witness because anything he could conceivably testify to would be inadmissible hearsay. Any possible argument that counsel could be a witness vanished when the trial court denied former wife's motion for protective order and permitted the deposition. Former husband simply failed to carry his burden on this issue. See Swensen's Ice Cream, 652 So.2d at 962.
As to former husband's assertions that counsel became a material witness because former husband instituted a lawsuit against counsel, the rule requiring a lawyer to withdraw when he expects to be a witness in a case, Florida Rule of Professional Conduct 4-1.7(b), does not require an attorney to withdraw when the opposing party has instituted collateral litigation against the attorney personally. See generally Arcara. Indeed, to allow an opposing party to institute a collateral lawsuit against the attorney and then use this as a basis for disqualification would be a perversion of the very intent of this rule of professional conduct.
*1313 In his motion for disqualification, former husband also claimed that other ethical breaches arising from the conference with Dr. Spero had occurred. He alleged that former wife's counsel had made misrepresentations to the trial court when he argued the motion for protective order and that counsel had breached a "confidentiality agreement" by conferring with Dr. Spero. The trial court did not state the basis for its order of disqualification and made no findings of improper contact, misrepresentations to the court, or ethical violations by the attorney.
Even assuming there was any truth to former husband's broad assertions of counsel's misrepresentations to the court, the trial court did not have authority to disqualify the attorney as a sanction where there was no evidence of an unfair advantage being gained through the attorney's conduct. Cf. Patsy v. Patsy, 666 So.2d 1045 (Fla. 4th DCA 1996) (courts have inherent power to assess attorney's fees against counsel for litigating in bad faith). Further, we fail to discern how contact with Dr. Spero was improper. Dr. Spero was former wife's treating psychologist and it was former wife's counsel who conferred with him. Former husband made no showing that Dr. Spero was entrusted with any of former husband's confidences to which former wife's counsel improperly gained access. Cf. Nunez v. State, 665 So.2d 301 (Fla. 4th DCA 1995), review denied, 675 So.2d 122 (Fla.1996); Henriquez v. Temple, 668 So.2d 638 (Fla. 3d DCA 1996).
Accordingly, we grant the petition for writ of certiorari[1] and quash the order granting disqualification.
DELL and WARNER, JJ., concur.
NOTES
[1] In this petition, former wife also sought to quash the trial court's order denying her motion for protective order based on the psychothera-pist-patient privilege. This portion of the petition has been rendered moot because the deposition of Dr. Spero has taken place.