714 So.2d 651 (1998)
SINGER ISLAND LTD., INC., Petitioner,
v.
BUDGET CONSTRUCTION CO., INC., Respondent.
No. 98-1415.
District Court of Appeal of Florida, Fourth District.
July 29, 1998.
*652 Gary S. Israel, West Palm Beach, for petitioner.
No appearance for respondent.
KLEIN, Judge.
Petitioner seeks a writ of certiorari to quash an order denying its motion to disqualify counsel for the respondent on the ground that he will be a material witness in the case. We deny the petition.
This is a breach of construction contract case. According to petitioner owner, the issue will be whether the respondent contractor voluntarily left a job in progress or, stopped working because it was dismissed by the owner. The owner moved to disqualify the contractor's counsel because he will be a material witness in that he was representing the contractor and writing letters at the time the dispute arose before construction had been completed. The motion to disqualify alleges that counsel will therefore have to be deposed about the communications which are at the heart of the case.
Disqualification of a party's chosen counsel is an extraordinary remedy and should only be resorted to sparingly. Swensen's Ice Cream v. Voto, Inc., 652 So.2d 961 (Fla. 4th DCA 1995) and Fleitman v. McPherson, 691 So.2d 37 (Fla. 1st DCA 1997). We view motions to disqualify on this ground with some skepticism, because they are sometimes filed for tactical or harassing reasons, rather than the proper reason, rule 4-3.7, Rules Regulating the Florida Bar. See Arcara v. Philip M. Warren, P.A., 574 So.2d 325 (Fla. 4th DCA 1991) (citing Galarowicz v. Ward, 119 Utah 611, 230 P.2d 576 (1951)(object of canon of ethics that lawyer should avoid testifying was to avoid putting attorney in predicament of having to argue credibility of his own testimony; not to permit an attorney to call opposing counsel as witness and thereby disqualify opposing counsel)).
The trial court correctly denied the motion to disqualify because the petitioner alleged, at most, only a possibility that disqualification might be necessary. If petitioner had waited until after he had deposed opposing counsel, he might have been able to develop more of a record to support his motion to disqualify. On the other hand, counsel's testimony might well have convinced petitioner that a motion to disqualify would not have been well-founded. At this point in the proceedings, however, the petitioner did not make a case for disqualification, and we deny the petition.
POLEN and TAYLOR, JJ., concur.