837 So.2d 1132 (2003)
Michelle HIATT, Petitioner,
v.
The ESTATE OF John HIATT, Respondent.
No. 4D02-2940.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
Chris Keith, Ft. Lauderdale, for petitioner.
Gary L. Rudolf and Douglas F. Hoffman of Rudolf & Hoffman, P.A., Ft. Lauderdale, for respondent.
PER CURIAM.
We grant Michelle Hiatt's petition for writ of certiorari and quash the order disqualifying her counsel in this litigation with the personal representative of her husband's estate.
Attorney Chris Keith ("Keith"), represents Ms. Hiatt in this probate action where the validity of the parties' antenuptial agreement is at issue. In a motion to discharge Keith, the personal representative alleged that Keith will be called as a witness because he offered Ms. Hiatt advice on the antenuptial agreement prior to its execution. A hearing was held on the motion, during which no evidence was presented *1133 and Keith denied being a material witness. Based solely on the personal representative's motion, which contained no affidavits, and arguments at the hearing, the trial court granted the motion to discharge and disqualified Keith as trial counsel. However, the court allowed him to remain counsel for pre-trial proceedings.
We note that both parties have submitted the transcript of Keith's deposition to this court and their arguments thereon. Significantly, however, this deposition was not before the trial court, as evidenced by its order stating, "[t]he Court heard argument of counsel, but received no testimony, deposition or documentary evidence at the hearing."
Generally, disqualification of counsel, contrary to the wishes of counsel and the client, should be resorted to sparingly. See Arcara v. Philip M. Warren, P.A., 574 So.2d 325, 326 (Fla. 4th DCA 1991). The moving party bears the burden of demonstrating the necessity of the attorney's testimony and thus his disqualification. See Swensen's Ice Cream Co. v. Voto, Inc., 652 So.2d 961, 962 (Fla. 4th DCA 1995); accord Ray v. Stuckey, 491 So.2d 1211, 1214 (Fla. 1st DCA 1986).
Under the circumstances here, where no evidence was proffered or offered below, the personal representative has failed to carry her burden. Nothing in the record demonstrated that Keith "is likely to be a necessary witness on behalf of his ... client on a contested matter." Allstate Ins. Co. v. English, 588 So.2d 294, 295 (Fla. 2d DCA 1991). Absent the personal representative's showing that Keith will be a necessary witness or that his testimony would be adverse to Ms. Hiatt's position, see id., the court departed from the essential requirements of the law in granting the motion to discharge counsel. See In re Estate of Gory, 570 So.2d 1381, 1383 (Fla. 4th DCA 1990); Stuckey, 491 So.2d at 1214.
We grant the petition, quash the order, and remand for an evidentiary hearing on the motion.
POLEN, C.J., WARNER and MAY, JJ., concur.