PER CURIAM.
In this case we address whether the Respondent’s allegation that Petitioner’s chosen counsel will be a fact witness based on counsel’s sworn statement opposing the Respondent’s claim of exemption as to certain bank accounts in a garnishment proceeding satisfies the burden Respondent bears to demonstrate that the counsel’s testimony is necessary and therefore requires disqualification. We determine that the sworn statement, without more, is insufficient to satisfy the burden and thus, the trial court’s decision to disqualify chosen counsel was premature.
Petitioner, Dennis L. Brooks (“Brooks”), obtained a judgment against Respondent, William Owen Foster (“Foster”), in a federal court in California. Thereafter, Brooks, through his Florida counsel, Thomas W. Franehino (“Franehino”), sought to enforce the judgment in Florida. During the enforcement proceedings, Brooks sought to garnish various accounts held by Foster. Foster claimed that certain accounts were exempt from garnishment. Franehino executed and served sworn statements contesting Foster’s claims of exemption. Franchino’s statements were based on his review of all the documents provided during the litigation. Based on the sworn statements, Foster filed a motion to disqualify Franehino, served Franehino with a notice of taking a deposition, and moved to strike the sworn statements. The trial court disqualified Franehino and denied Foster’s motion to strike. Brooks filed the writ of certiorari presently before this Court challenging the trial court’s order disqualifying his counsel.
A writ of certiorari is the proper vehicle for challenging an order granting a motion to disqualify chosen counsel. See In re Estate of Gory, 570 So.2d 1381, 1382 (Fla. 4th DCA 1990). A party seeking to disqualify chosen counsel bears the burden to demonstrate that the attorney’s testimony is necessary and therefore requires disqualification. See Hiatt v. Estate of Hiatt, 837 So.2d 1132, 1133 (Fla. 4th DCA 2003). Disqualifying a party’s chosen counsel is an extraordinary remedy to be employed cautiously. Singer Island Ltd., Inc. v. Budget Constr. Co., 714 So.2d 651, 652 (Fla. 4th DCA 1998); Swensen’s Ice Cream Co. v. Voto, Inc., 652 So.2d 961, 961 (Fla. 4th DCA 1995).
While Foster served Franehino with a notice to take his deposition, at the time the trial court made its decision no such deposition had been taken. This Court addressed a similar situation where a party seeking disqualification stated that the counsel would be a material witness and needed to be deposed, but had not deposed counsel at the time the motion was made, thus not presenting a record sufficiently developed to support disqualification. Singer Island Ltd., Inc., 714 So.2d at 652. This Court found that such facts demonstrated “only a possibility that disqualification might be necessary.” Id. Similarly, Brooks asserted that Franehino was a fact witness and must be deposed. Brooks’s assertion is based on Franchino’s sworn statements filed pursuant to section 77.041(3), Florida Statutes (2004), which requires that if a defendant asserts a claim of exemption and a plaintiff does not file a sworn written statement contesting such exemption, the writ of garnishment must be automatically dissolved. The need to depose a party’s chosen counsel based on the execution of such statements demonstrates nothing more than the potential that disqualification will be required. The *904 trial court’s decision provided Brooks with an extraordinary remedy based on nothing more than a possibility. Accordingly, we hold that at this point in the proceedings, the trial court erred in granting Brooks’s motion. Therefore, the petition is granted and the order disqualifying Franchino is quashed.
GUNTHER and HAZOURI, JJ., concur.
FARMER, C. J., concurs specially with opinion.