895 So.2d 1236 (2005)
QUALITY AIR CONDITIONING COMPANY, INC., a Florida corporation, Petitioner,
v.
William R. VRASTIL, Reginald C. Carnick and Edward L. Bartlett, Respondents.
No. 4D04-2734.
District Court of Appeal of Florida, Fourth District.
March 2, 2005.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach, for petitioner.
Michael A. Fischler of Fischler & Friedman, P.A., Fort Lauderdale, for respondent William R. Vrastil.
PER CURIAM.
In litigation over a contract action pertaining to a stockholder's agreement for Quality Air Conditioning Company, Inc., respondent William Vrastil moved to disqualify Robert Moraitis, Esq., from representing Quality Air Conditioning, Reginald Carnick and Edward Bartlett as plaintiffs in the action. Vrastil claimed that Moraitis, who has at all times pertinent to this action served as corporate counsel for Quality Air Conditioning, was responsible for drafting the stockholder's agreement which is at issue, and that his disqualification as counsel was necessary where he *1237 would be a material witness during the course of the litigation. Quality Air Conditioning objected to the motion for disqualification of Moraitis.
A hearing was held on the motion on May 3, 2004, at which time the trial court deferred consideration of the motion to disqualify until after the scheduled deposition of Moraitis took place. Both petitioner and respondent agree that the trial court indicated orally that it would review the transcript of Moraitis' deposition prior to ruling on the motion. Due to intervening events, Moraitis' deposition did not take place, yet the trial court issued an order on June 15, 2004, which granted the motion to disqualify without advance notice to the parties or further hearing on the matter. Quality Air Conditioning has petitioned for writ of certiorari seeking to have the order of disqualification quashed. We grant the writ because it appears that the trial court departed from the essential requirements of law in granting the motion to disqualify Moraitis.
When moving for disqualification of an opponent's chosen counsel, based on the need for that attorney's testimony at trial, "[t]he moving party bears the burden of demonstrating the necessity of the attorney's testimony and thus his disqualification." Hiatt v. Estate of Hiatt, 837 So.2d 1132, 1133 (Fla. 4th DCA 2003). In Hiatt, the lower court disqualified an attorney in a probate action when the personal representative alleged the attorney would be "called as a witness because he offered Ms. Hiatt advice on the antenuptial agreement prior to its execution." Id. at 1132. The motion did not include any affidavits nor did the lower court consider the deposition of the attorney or take any evidence at the hearing. Id. at 1133. This court granted certiorari relief and quashed the order disqualifying the attorney because, "[u]nder the circumstances here, where no evidence was proffered or offered below, the personal representative has failed to carry her burden. Nothing in the record demonstrated that [the attorney] `is likely to be a necessary witness on behalf of his ... client on a contested matter.'" Id. (quoting Allstate Ins. Co. v. English, 588 So.2d 294, 295 (Fla. 2d DCA 1991)). This court determined that the lower court in Hiatt"departed from the essential requirements of the law" when it disqualified the attorney in the absence of a "showing that [the attorney] will be a necessary witness." Id.
In another case, Swensen's Ice Cream Co. v. Voto, Inc., 652 So.2d 961 (Fla. 4th DCA 1995), this court granted a writ of certiorari when the movant failed to show that the disqualified attorney had a conflict of interest or would be required to testify. In granting the writ, this court concluded the attorney "will not be testifying either against or on behalf of Swensen's." Id. at 962. The testimony would supposedly prove that a third party had broken a separate agreement not to compete with Voto. This court concluded that in defending itself against "Voto's present allegations ... Swensen's does not need to deny that [the third party] violated its agreement by competing with Voto, nor is there any apparent reason it would wish to do so." Id. This court granted the writ because "[i]t is ... not shown that [the attorney] will be a necessary witness nor that his testimony would be adverse to Swensen's position." Id. (citing Allstate Ins. Co. v. English, 588 So.2d at 295, and In re Estate of Gory, 570 So.2d 1381, 1383 (Fla. 4th DCA 1990)). See also Singer Island Ltd., Inc. v. Budget Constr. Co., 714 So.2d 651, 652 (Fla. 4th DCA 1998)(affirming the denial of a motion to disqualify where "the petitioner alleged, at most, only a possibility that disqualification might be necessary" and noting that the motion might have been proper if the movant "had waited *1238 until after he had deposed opposing counsel" so as to "develop more of a record to support his motion to disqualify").
In the instant case, the motion to disqualify indicates that Vrastil believes Moraitis is needed to testify relating to how the shareholder agreement was to be prepared, what information he provided to shareholders, directors and officers to cause them to execute the document, whether he provided the document to the shareholders for review prior to execution, whether he communicated to shareholders regarding the agreement, as well as "other issues that have been raised by the pleadings." While Vrastil alleges that Moraitis took an advocacy role with respect to plaintiff shareholders Carnick and Bartlett, which created a conflict of interest with his role as corporate counsel for Quality Air, the only evidence of such claims are the allegations in the verified motion to disqualify filed by Vrastil. Quality Air disputes that Moraitis' testimony on the preparation of the shareholder agreement is necessary or that he improperly litigated on behalf of Carnick and Bartlett.
Where there is a dispute over the disqualification of an attorney and the parties do not agree on the issue presented, an evidentiary hearing is necessary. See Sch. Bd. of Broward County v. Polera Bldg. Corp., 722 So.2d 971 (Fla. 4th DCA 1999); Holland v. Tenenbaum, 360 So.2d 493 (Fla. 4th DCA 1978)(holding that disqualification of counsel is a serious matter which should be done after an adequate hearing); but see Allstate Ins. Co. v. Bowne, 817 So.2d 994 (Fla. 4th DCA 2002)(an evidentiary hearing is not necessary in every motion to disqualify counsel if facts are not in dispute). The facts regarding Moraitis' role as a witness for either party are in dispute. At the May 3, 2004 hearing, the trial court sought additional evidence prior to making its decision on the motion to disqualify by deferring its ruling until after the deposition of Moraitis took place, presumably in order to resolve the dispute over the scope and content of his potential testimony. Without the deposition testimony, there was insufficient evidence before the trial court to allow a conclusive determination that Moraitis is a material witness.
It appears that both parties were surprised by the entry of the order granting the motion to disqualify since Moraitis' deposition had not gone forward as planned prior to entry of the order. There is nothing in the record reflecting what evidence or authority was considered in granting the motion. Additionally, the order fails to address the absence of Moraitis' deposition or the court's change of position with respect to the sufficiency of the allegations originally presented by Vrastil. Quality Air had no opportunity to contest the sufficiency of the evidence presented to disqualify its counsel prior to the entry of the order of disqualification. Doctrines of fairness dictate that parties who are facing disqualification of their attorney should be provided adequate opportunity to present or contest any evidence regarding the attorney's role as a witness, especially where a representation has been made that the court would not consider the motion without such evidence.
Because the motion for disqualification alone, without the deposition transcript of Moraitis or any other evidence, does not meet the burden of demonstrating the necessity of his testimony as a witness and the hearing on the motion was not adequate enough to protect the plaintiffs' right to choice of counsel, the order granting the motion to disqualify departed from the essential requirements of law. We cannot determine based on the record before us currently whether Moraitis is actually a material witness and believe such a *1239 determination should be made by the trial court upon further presentation of evidence on the issue. Therefore, we grant the petition, quash the order disqualifying Robert Moraitis as counsel for Plaintiffs, and remand this matter to the circuit court for further proceedings on the motion to disqualify.
WARNER, STEVENSON and HAZOURI, JJ., concur.