[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13836
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00472-RBD-GJK


KATHARINE WALTHER BAIN,

Plaintiff,

HOWARD WALTHER,
DOROTHY B. WALTHER,

Plaintiffs – Appellants,

versus

ROBERT MCINTOSH, et al.,

Defendants,

STEVEN KANE,
Esq.,
KANE & KOLTUN,
Attorneys at Law,

Defendants – Appellees.

———————————————

Appeal from the United States District Court
for the Middle District of Florida

———————————————

(March 2, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Howard Walther and Dorothy B. Walther (collectively, the Walthers), the beneficiaries of the James Walther Revocable Life Insurance Trust (the Trust), appeal the district court's order granting summary judgment in favor of Steven Kane, Esq. and Kane and Koltun, Attorneys at Law (collectively, Kane). Kane served as the attorney for the trustee, Patrick Walther (Trustee).[1] The single issue on appeal is whether, under Florida law, an attorney retained to represent only the trustee also owes a fiduciary duty to the beneficiaries of the trust. The district court held an attorney retained to represent the trustee has no such duty. Upon review, we affirm.[2]

---

[1] In their initial brief, the Walthers concede no attorney-client relationship arose between themselves and Kane. Kane was retained solely to represent the Trustee.

[2] "We review a district court's grant of summary judgment *de novo*, applying the same legal standards that controlled the district court's decision." *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1325 (11th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court did not err in in granting summary judgment because Kane owed no fiduciary duty to the Walthers under Florida law.[3]  The Florida Legislature has indicated an unwillingness to expand a lawyer's fiduciary duties to a person other than the trustee.  Pursuant to Florida Statutes § 90.5021(2) (2011), "only the person or entity acting as a [trustee] is considered a client of the lawyer." Furthermore, the Rules Regulating the Florida Bar, which are promulgated by Florida Supreme Court, narrowly limit a lawyer's duties to third parties when serving as the personal representative of an estate.  R. Regulating Fla. Bar 4-1.7 cmt. (2014) ("In Florida, the personal representative is the client rather than the estate or the beneficiaries."); *see also* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 94-380 (1994) ("The majority of jurisdictions consider that a lawyer who represents a fiduciary does not also represent the beneficiaries, and we understand the Model Rules to reflect this majority view." (citation omitted)).

The Walthers have not identified any contrary legal authority in Florida establishing a fiduciary relationship between a lawyer representing a trustee and the beneficiaries of a trust.  The Walthers' reliance on *McCormick v. Cox*, 118 So. 3d 980 (Fla. 3d DCA 2013), is misplaced.  In *McCormick*, the court held the trustee, *who also happened to be a lawyer*, breached his fiduciary duty to the

---

[3] "[F]ederal courts sitting in diversity jurisdiction must apply substantive state law." *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009).

beneficiaries of the trust. *Id.* at 982, 986–87. The court never decided whether an attorney representing a trustee owes a fiduciary duty to the beneficiaries. The trustee and the lawyer were the same person. *Id.* at 982.

The Walthers' citation to *In re Estate of Gory*, 570 So. 2d 1381 (Fla. 4th DCA 1990), is similarly unconvincing. The court in *Gory* said, "We have no quarrel with the view that counsel for the personal representative of an estate owes fiduciary duties not only to the personal representative but also to the beneficiaries of the estate." *Id.* at 1383. This statement, however, was dicta. The question before the court was whether the law firm representing the personal representative of an estate should have been disqualified from representation due to an alleged conflict of interest with the beneficiaries of the estate. *Id.* at 1382–83. The court held that, even if the law firm owed a fiduciary duty to the personal representative and the beneficiaries, Florida law did not mandate disqualification because no attorney-client relationship existed between the law firm and the beneficiaries. *Id.* at 1383. *Gory* did not extend an attorney's fiduciary duty to the beneficiaries of a trust whenever an attorney agrees to represent a trustee. Accordingly, we conclude Kane, as the attorney for the Trustee, owed no fiduciary duty to the Walther beneficiaries.[4]

---

[4] Because the Walthers failed to plainly and prominently argue in their initial brief that they were intended third-party beneficiaries of the legal services contract between Kane and the

For the foregoing reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**

---

Trustee, they have abandoned this argument. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).