DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BOCA RATON REGIONAL HOSPITAL, INC.** and **BOCA RATON HOSPITAL FOUNDATION, INC.,**
Petitioners,

v.

**TIM WILLIAMS, M.D., ROBERT MANNHEIMER,** and **ROBERT A. TEPEDINO,**
Respondents.

No. 4D17-1732

[November 22, 2017]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge; L.T. Case No. 502017CA001845XXXXMB.

Martin B. Goldberg, Rachel E. Kaufman and Jason A. Coe of Lash & Goldberg LLP, Miami, and Lawrence J. Miller and Norman A. Fleisher of Gutter Chaves Josepher Rubin Forman Fleisher Miller P.A., Boca Raton, for petitioners.

Amy S. Rubin and Seth B. Burack of Fox Rothschild LLP, West Palm Beach, for respondent, Tim Williams, M.D.

PER CURIAM.

Petitioners Boca Raton Regional Hospital, Inc. (Hospital) and Boca Raton Hospital Foundation, Inc. (Foundation) seek certiorari review of a trial court order denying their motion to disqualify opposing counsel in a pending lawsuit against them and others involving a trust. The trust provided a multi-million dollar bequest to the hospital. The trial court ruled that the petitioners lacked standing to move to disqualify counsel. In doing so, we conclude that the trial court departed from the essential requirements of law. We quash the order and return the case for further proceedings consistent with this opinion.

**Material Facts and Procedural History**

Richard Blackman died in September 2012 and his will provided for his estate to be distributed to the Richard Blackman Revocable Trust, including the subject hospital bequest. Blackman had been a patient of respondent Dr. Tim Williams (the doctor), who contends he was appointed to control the terms of the bequest. The doctor is represented by Attorney Amy Rubin from Fox Rothschild, L.L.P. (the law firm). Another partner from the same law firm, Attorney Jerold Glassman, retains a seat on the hospital's board of directors.

In January 2017, the hospital filed in Nassau County, New York, a petition for probate seeking construction of the terms of the bequest and other matters. In February 2017, the doctor sued the hospital, foundation and two other defendants in this case in Palm Beach County, claiming he had full control over the bequest based on the will and trust provisions of decedent/donor.

The hospital and foundation moved to disqualify counsel for the doctor, alleging a conflict of interest because Attorney Glassman had participated in board discussions on the issues in the two pending estate and trust cases "including legal issues and strategy, and the role of Dr. Williams with respect to the Blackman gift." The hospital and foundation argued that Attorney Glassman as a member of the board of trustees had a fiduciary duty and a duty of loyalty to them both. They claimed that this duty and resulting conflict was imputed to other members of the same law firm, including the attorney representing the doctor in the Florida lawsuit.

In a supporting affidavit, Alexander D. Eremia, vice president and general counsel for the hospital and foundation secretary, said that Glassman as member of the board of trustees discussed the Florida and New York cases "including legal issues and strategy, and the role of Dr. Williams with respect to the Blackman gift." The affiant said that Glassman sent him an email after learning that the law firm had filed suit on behalf of the doctor, stating "as you know, I am a Partner in Fox, Rothschild, Amy Rubin is my Partner. On its face and with Amy's participation adverse to [the Hospital], the Complaint presents a conflict for me and most likely for [Fox Rothschild]." He further alleged that counsel for the hospital and foundation wrote opposing counsel Rubin and advised her of the law firm's conflict of interest. Counsel requested that the law firm withdraw from representing the doctor in this Florida case but the law firm declined. He also said neither the hospital nor the foundation consented to or discussed the law firm's representation of the doctor in this Florida case, and that no attorney from the firm had requested their consent for such representation.

Opposing disqualification, the doctor filed an affidavit from Thomas Paradise, general counsel for the law firm, who said that Glassman transitioned to senior counsel status in 2008 and that the firm had screened him from access to information about the issues in the lawsuit. Paradise said Glassman could not have accessed any information about the subject of the Florida lawsuit and that in March 2017 the firm searched its document system and found no emails sent or received by Glassman involving the hospital and/or board members.

This presented a factual dispute but the trial court did not address or resolve it. Instead, after hearing argument, the court denied the motion to disqualify for lack of standing because neither the hospital nor foundation could "stand in the shoes" of a current or former client, and therefore they lacked standing to seek disqualification.

## Analysis

Certiorari lies to review a trial court order on a motion to disqualify counsel. *Philip Morris USA Inc. v. Caro*, 207 So. 3d 944, 949 (Fla. 4th DCA 2016). The petitioner seeking certiorari review must demonstrate a departure from the essential requirements of law resulting in material harm of an irreparable nature. *Manning v. Cooper*, 981 So. 2d 668, 670 (Fla. 4th DCA 2008). Orders on motions for disqualification are reviewed for an abuse of discretion. *Id.* Courts recognize that disqualification of counsel "is an extraordinary remedy and should only be resorted to sparingly." *Id.* (quoting *Alexander v. Tandem Staffing Sols., Inc.*, 881 So. 2d 607, 608 (Fla. 4th DCA 2004)).

Disqualification of counsel in these circumstances is governed by Rule 4-1.7 of the Rules Regulating the Florida Bar, including subsection (a) that provides:

(a) Representing Adverse Interests. Except as provided in subdivision (b), a lawyer must not represent a client if:

(1) the representation of 1 client will be directly adverse to another client; or

(2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client <u>or a third person or by a personal interest of the lawyer.</u>

3

R. Regulating Fla. Bar 4-1.7 (emphasis added).

The Comments to this rule, under the heading "Other Conflict Situations" contain the following provisions regarding a lawyer's membership in a board of directors and representation of a corporation:

> A lawyer for a corporation or other organization who is also a member of its board of directors should determine whether the responsibilities of the 2 roles may conflict. The lawyer may be called on to advise the corporation in matters involving the actions of the directors. Consideration should be given to the frequency with which such situations may arise, the potential intensity of the conflict, the effect of the lawyer's resignation from the board, and the possibility of the corporation's obtaining legal advice from another lawyer in such situations. If there is material risk that the dual role will compromise the lawyer's independence of professional judgment, the lawyer should not serve as director.

R. Regulating Fla. Bar 4-1.7 Cmt.

Glassman was not a lawyer for the hospital here, but rather a lawyer in a law firm that represented the doctor suing the hospital. Thus, the circumstances are different than those addressed by this Comment. However, the Comment is noteworthy because it recognizes the potential of attorney conflict of interest based on board membership by a lawyer.

The other pertinent rule, imputing conflict from one member of the firm to all other firm lawyers, is Rule 4-1.10(a), that provides:

> Imputed Disqualification of All Lawyers in Firm. While lawyers are associated in a firm, none of them may knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by rule 4-1.7 or 4-1.9, except as provided elsewhere in this rule, or unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

In ruling that petitioners lacked standing, the trial court focused on whom the law firm had represented. In doing so, we conclude that it departed from the essential requirements of law. The rules, Comment and authorities demonstrate that the required analysis does not always

4

turn on present or former representation of the party seeking disqualification. Instead, as recognized in *State Farm Mutual Automobile Insurance Co. v. K.A.W.*, 575 So. 2d 630, 632 (Fla. 1991), and *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151, 154 (Fla. 1st DCA 1995), a party may seek disqualification of opposing counsel where the conflict of interest involves representation of someone other than the movant and where it is such "as clearly to call in question the fair or efficient administration of justice." *K.A.W.*, 575 So. 2d at 632 (citing R. Regulating Fla. Bar 4-1.7 Cmt.).

We reject without discussion the doctor's claims including waiver of conflict, waiver of the right to an evidentiary hearing, and that Glassman had a personal interest based on his board membership that did not warrant disqualification. Further, an evidentiary hearing was necessary in this case to resolve the factual disputes in the affidavits for both sides. *Quality Air Cond. Co. v. Vrastil*, 895 So. 2d 1236, 1238 (Fla. 4th DCA 2005). For the reasons above, we quash the trial court's order and return the case for evidentiary hearing and further consideration consistent with this opinion.[1]

*Petition for writ of certiorari granted; order quashed and case returned to the trial court.*

CIKLIN, FORST and KLINGENSMITH, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Petitioner has filed a Notice of Supplemental Authority advising that while this cause was pending here, the Nassau County Surrogate's Court of the State of New York has granted a motion to disqualify the same law firm from representing Dr. Williams in its related proceedings.